IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EDWARD F. KADEN ET AL**<br>**Plaintiffs**<br><br>v.<br><br>**WYNDHAM EL CONQUISTADOR**<br>**RESORT & COUNTRY CLUB ET AL**<br>**Defendants** | **Civil No. 02-1547 (PG)** |

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

The plaintiffs filed this personal injury action on April 9, 2002, basing jurisdiction upon diversity pursuant to 28 U.S.C. § 1332 (**Docket No. 1**). Thereafter, on June 20, 203, defendant Wyndham El Conquistador Resort & Country Club (hereafter "Wyndham") filed a Third Party Complaint for contribution (**Docket No. 23**). Now before the Court is a Motion for Summary Judgment filed by defendant Wyndham and Third Party Defendant Universal Insurance Company, plaintiffs' opposition thereto and defendants' reply[1] (**Docket Nos. 53, 54, 62, 74**). The motion was referred to the undersigned for report and recommendation (**Docket Nos. 68, 70**).

### I. Procedural Background and Facts

The Complaint alleges that on April 13, 2001, plaintiff Edward F. Kaden (hereafter "Kaden") was a guest at the Wyndham, and on said date he fell from a Jacuzzi platform and suffered injuries. It is further alleged that Kaden fell as a result of the dangerous and unsafe condition of the surface adjacent to the Jacuzzi. The plaintiffs allege that

---

[1] On October 14, 2004, plaintiffs requested and were given leave to file a sur-reply, but to date they have failed to do so (**Docket No. 76**).

Wyndham was negligent in failing to maintain the Jacuzzi area safely for its guests in a manner that would have prevented the Kaden's accident.

The Third Party Complaint alleges that Kaden fell in an area known as Las Casitas, which is owned, operated and/or managed by the Association of Owners Las Casitas Condominium, an entity insured by Universal Insurance Company (**Docket No. 23**). The Third Party Complaint against Association of Owners Las Casitas Condominium was voluntarily dismissed on October 9, 2003, but its insurer remains as a Third Party Defendant. *See* Order at **Docket No. 38.**

As required by the Local Rules for this District the defendants submitted with their Motion for Summary Judgment a Statement of Uncontested Facts in support of same (**Docket No. 54**). *See* Local Civil Rule 56(b). Conversely, in contravention of the Local Rules, plaintiffs failed to file a separate statement of uncontested facts (**Docket No. 63**); *See* Local Civil Rule 56(c). As a result, on October 6, 2004, the Court determined that while ruling on the motion for summary judgment, it shall consider defendants' facts as "admitted and undisputed" (**Docket No. 73**).[2]

Hence, the undisputed facts are as follows (**Docket No. 54**): During the early afternoon of April 13, 2001, Edward Kaden was sitting on a lounge chair in the Jacuzzi area of Las Casitas. According to Kaden, he had not been in either the Jacuzzi or the pool and, as such, he was dry. While looking towards the Las Casitas pool area, Kaden

---

[2] On September 8, 2004, plaintiffs filed a motion in opposition to defendant's motion for summary judgment without a separate statement of uncontested facts in which the gist of his argument revolves around the absence of a handrail in the pool area as an element prompting the accident and the defendant's inability to produce a report (which was to be kept based on institutional policy) which the Court is invited to presume was prepared and subsequently destroyed or concealed by defendants (**Docket No. 63**).

saw his daughter Jessica walk over towards his sister Lori Rosen. Kaden got up from the lounge chair where he was sitting to walk over to the pool area where his daughter Jessica and sister Lori Rosen were speaking. While stepping down from the Jacuzzi platform, Kaden's foot slipped out from underneath him and he fell backwards onto his left shoulder. Kaden does not recall or know the direction that he was looking when he was descending from the deck of the Jacuzzi to the pool level. Kaden does not recall or know what he slipped on, although he does remember that he was dry and barefoot at the time that he fell.

Andrés Meléndez (hereafter "Meléndez") has been an employee of the Wyndham since 1995, and since said time he has worked as a security supervisor. As of late 2001, Meléndez has held the position of safety and security manager. The Wyndham has a procedure in effect for providing maintenance to and cleaning of any oils and/or unsafe conditions in and around the pool area. This procedure provides that in the event that an unsafe condition is detected around the Jacuzzi, the pool area or in any other area of the hotel, the Engineering Department is contacted to investigate and determine the nature of the unsafe condition, and if a substance is detected, to clean the same. According to Meléndez's deposition testimony, in the event that the Engineering Department is contacted and informed of the detection of a substance or unsafe condition, an incident report is generated documenting the information received, the type of substance detected and the cleaning of the same. Meléndez verified with the Wyndham's Engineering Department, and there was no documentation or incident report regarding the existence of oil and/or any other unsafe condition in the Jacuzzi area where Kaden allegedly fell.

Meléndez also testified that since 1995 and during the time that he has worked for the Wyndham, he does not recall or is aware of any unsafe condition being found in the Jacuzzi and pool area of Las Casitas. Meléndez further testified that since 1995 and during the time that he has worked at the Wyndham, he does not recall anyone slipping or falling in the Jacuzzi and pool area of Las Casitas.

Eddie Trau, who has worked as a butler at Las Casitas for approximately seven years, corroborated Meléndez's testimony and confirms that, other than the incident involving Kaden, he has not seen or heard of anyone falling in the Jacuzzi or pool area of Las Casitas.

Plaintiffs' liability expert Dr. Manuel Rodríguez-Perazza (hereafter "Dr. Rodríguez") acknowledged that from the evidence and facts he was provided, namely the Complaint and Edward Kaden's deposition, he did not have a factual basis to determine whether there were other people in the Jacuzzi and/or whether they had stepped out of the Jacuzzi and caused the steps leading to the Jacuzzi to be wet. Dr. Rodríguez also acknowledged that he had no factual basis or knowledge that there was water or some other substance on the steps where Kaden allegedly fell. Dr. Rodríguez acknowledged that his testimony and his report regarding what substance, if any was on the steps at the time of the accident, was based on speculation.

## II. Summary Judgment

The defendants move for summary judgment on the bases that plaintiffs have produced no evidence regarding the existence of an allegedly unsafe condition on the steps leading down from the Jacuzzi area where Kaden allegedly fell, and that the unsafe condition was known or should have been known by the Hotel and/or Las

Casitas. Plaintiffs oppose the motion for summary judgment arguing that defendants' motion for summary judgment fails to establish the non-existence of a genuine issue nor does it show that defendants are entitled to judgment as a matter of law.

### A. Summary Judgment Standard

A motion for summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Wolf v. Gruntal & Co.*, 45 F.3d 524, 527 (1st Cir. 1995); *National Amusements, Inc., v. Dedham*, 43 F.3d 731, 735 (1st Cir. 1995). The First Circuit delineated the manner in which Federal Rule of Civil Procedure 56, functions:

> Once a properly documented motion has engaged the gears of Rule 56, the party to whom the motion is directed can shut down the machinery only by showing that a trialworthy issue exists. As to issues on which the summary judgment target bears the ultimate burden of proof, she cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every factual dispute is sufficient to thwart summary judgment; the contested fact must be "material" and the dispute over it must be "genuine." In this regard, "material" means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant. By like token, "genuine" means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party.

*McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citations and some internal punctuation marks omitted).

The Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). While carrying out that task,

the Court safely can ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Suárez v. Pueblo Intern., Inc.*, 229 F.3d 49, 53 (1st Cir. 2000) (quoting *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

Once a movant has made a preliminary showing that there exists no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law, the nonmovant bears the burden to show the existence of a genuine material issue, *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996), and must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed.R.Civ.P. 56(e). The non-movant cannot meet this burden by mere allegation or denial of the pleadings. Fed. R. Civ. P. 56(e). Nor can the nonmoving party avoid summary judgment by relying on conclusory allegations, improbable inferences, unsupported speculation, or "[b]rash conjecture coupled with the earnest hope that something concrete will materialize." *J. Geils Band Employee Benefit Plan*, 78 F.3d at 1251 (quoting *Dow v. United Bhd. of Carpenters*, 1 F.3d 56, 58 (1st Cir. 1993)). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted). "If no genuine issue of material fact emerges from this perscrutation, then the case may be ripe for summary adjudication." *Suarez*, 229 F.3d at 53.

## B. Analysis

The defendants argue that they are entitled to summary judgment, inasmuch as plaintiffs have failed to satisfy their burden of establishing that an unsafe condition existed on the premises around the Las Casitas Jacuzzi area and that the alleged unsafe condition was known or should have been known by the Wyndham and/or Las Casitas. Defendants contend that Plaintiffs lack the required evidentiary support and, as such, this case should be dismissed.

Plaintiffs' opposition relies upon information obtained through depositions and affidavits which are intended to support the allegation that a risky condition existed in the Jacuzzi area at Las Casitas, and further that there remains a genuine issue of material fact. Unfortunately for Plaintiffs, inasmuch as they failed to file a separate statement of uncontested facts as required by the Local Rules, the Court has ruled that it considers Defendants' facts as admitted and undisputed. *See* **Docket No. 73**.[3]

This matter is based upon diversity jurisdiction and as a result the substantive law of Puerto Rico controls. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Rolón-Alvarado v. Municipality of San Juan*, 1 F.3d 74, 77 (1st Cir. 1993). Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, prescribes liability on any person or

---

[3] Nonetheless, even if we were to consider plaintiffs' allegations, there will be no variance in the outcome. Plaintiff alleges he slipped and fell while stepping down from the jacuzzi area due to the fact there was "a slippery substance near the jacuzzi platform" and that it was so concluded by the insurance adjuster. Having reviewed Exhibit I, consisting of one page of deposition testimony, no where is there an adjuster report or a conclusion by the adjuster as to the cause of the accident. Rather, Exhibit I is counsel's propounded question during the deposition, reviewing or alluding to a statement received (apparently given by plaintiff) by Héctor Cedeño, an employee for defendant. However, there is no such statement or fact alleged by plaintiff. More so, while relying on the "existence of a slippery substance" on the floor, no such evidence was ever proffered to plaintiff's expert who, in no unclear statement, admitted he had seen no such evidence, a fact which led him to admit that to conclude that there was a slippery substance on the floor would amount to "mere speculation."

entity which, by his, her, or its negligent acts or omissions, causes harm or damage. Generally, "Puerto Rico law defines negligence as the failure to exercise due diligence to avoid foreseeable risks." *Woods-Leber v. Hyatt Hotels of Puerto Rico*, 124 F.3d 47, 50 (1st Cir. 1997). To recover on a negligence theory, a plaintiff suing for personal injuries under Article 1802 must demonstrate (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortuous conduct. *Id.* Under Puerto Rico law, a legal duty arises in one of three ways: (1) by statute, regulation, ordinance, by law or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. *See De-Jesús-Adorno v. Browning Ferris Inds. of Puerto Rico, Inc.*, 160 F.3d 839 (1st Cir.1998).

In Puerto Rico, an owner of a commercial establishment is potentially liable for all injuries occurring in areas where it has retained control. *Bou Maldonado v. K-Mart Corp.*, No. 97-1268 JAG, 2001 WL 1636768, at *3 (D.P.R. Oct. 18, 2001) (citing *Cotto v. C.M. Insurance Co.*, 116 D.P.R. 644 (1985); *Aponte Betancourt v. Meléndez*, 87 D.P.R. 619 (1963); *Goose v. Hilton Hotels*, 79 D.P.R. 494 (1956)). The duty of care recognized by the law regarding commercial establishments is that a person or enterprise which maintains a public place for purpose of transacting business for its own benefit is bound to maintain it in such a safe condition that one who is induced to enter the premises will not suffer any damage. *Id.* (citing *Sociedad Gananciales v. González Padín Co., Inc.*, 117 D.P.R. 94 (1986). Commercial establishments have a duty to take the necessary precautions or to adopt the necessary security measures to preserve the safety of their

costumers. *Bou Maldonado v. K-Mart Corp.*, No. 97-1268 JAG, 2001 WL 1636768, at *3 (D.P.R. Oct. 18, 2001). A commercial establishment, however, is not liable for unforeseen events. *Id.*

Indeed, foreseeability provides the linchpin both for determining the duty of an actor and for determining his liability for the breach of that duty. *Malavé-Félix v. Volvo Car Corp.*, 946 F.2d 967, 972 (1st Cir.1991). Therefore, in order to satisfy the aforementioned requirements, a plaintiff must prove that the injury was reasonably foreseeable and that it could have been avoided had the defendant acted with due care. *Woods-Leber v. Hyatt Hotels*, 124 F.3d 47, 51 (1st Cir. 1997). Foreseeability has been defined as an element characteristic of fault, consisting of the possibility of foreseeing the damaging results of the action not effectively foreseen in the case involved. *Salvá Matos v. Díaz Const. Corp.*, 95 P.R.R. 880, 884 (1968). More so, the Puerto Rico Supreme Court has stated, that

> The foreseeability factor is of the utmost importance in damage (tort) cases inasmuch as "§ 1802 inevitably centers around the function of the person's foresight, as controlling factor of his liability toward his fellowmen. This does not mean, of course, that the person is obliged to foresee all possible risks that can be conceived in a particular situation, since it then would become an absolute liability. The duty of foreseeability does not extend to all the hazards imaginable which could conceivably threaten the [. . .] security but to those which are likely to happen and which can be anticipated by a prudent person." (footnotes and citations omitted).

*Vélez-Rodríguez v. Cora*, 138 D.P.R. 182, 1995 P.R. Eng. 905697 (1995).

The question of foreseeability is generally left the jury. This is so, because it is an evaluative application of a legal standard to the facts, a reasonable difference of opinion might exist and, as such, the jury must decide. *Marshall v. Pérez Arzuaga*, 828

F.2d 845, 849 (1st Cir.1987) (citations omitted); *Chapman v. E.S.J. Towers, Inc.*, 803 F.Supp. 571 (D.P.R. 1992).

Defendants argue that there is no evidence to establish the existence of an allegedly unsafe condition. Along those lines, defendants also argue that plaintiffs have offered no evidence to establish the existence of an alleged unsafe condition nor is there any evidence to support the proposition that Wyndham and/or Las Casitas had knowledge of the allegedly unsafe condition. Indeed, the admitted and undisputed facts are that: (a) Kaden had not been in either the pool or Jacuzzi and was dry at the time of the accident; (b) Kaden does not recall, know or saw what he slipped on, but he was dry and barefoot at the time of the fall; (c) the Engineering Department at the Wyndham is alerted when an unsafe condition around the Jacuzzi or pool is detected for them to investigate and determine the nature of any substance spilled and to clean the area; (d) a search was conducted by Wyndham's employee Meléndez and he found no documentation or incident report regarding the existence of oil or any other unsafe condition in the Jacuzzi area where Kaden fell; (e) Meléndez, who has worked at the Wyndham since 1995 is unaware of any unsafe condition in the Jacuzzi and pool area and he does not recall anyone, prior to Kaden, slipping or falling in the Jacuzzi and pool area; nor does Eddie Trau, a butler, who has worked at the Wyndham for seven years, recall anyone slipping or falling in the Jacuzzi and pool area. More so, plaintiffs' expert, Dr. Manuel Rodriguez, indicated that from the facts he knew and evidence he had reviewed, he had no factual basis or knowledge that there was water or some other substance on the steps where Kaden fell; thus, any conclusion or averment regarding

the existence of an oily substance in the area where Kaden fell would be based on speculation.

The facts before the Court are that Kaden does not recall or even know what he slipped on. At the time he was looking and walking towards the pool area when his foot "slipped out from underneath him." Also, Wyndham records indicate that the Engineering Department was never alerted about the existence of an unsafe condition or need to clean the area around the Jacuzzi area where Kaden fell. Indeed, the facts do not indicate that a foreign substance on the surface caused him to slip and fall. More so, none of the facts before the Court even hint that the defendants had knowledge of a dangerous condition, be it constructive knowledge or actual knowledge. The facts are that two testifying Wyndham employees do not recall anyone slipping or falling in the Jacuzzi or pool area for at least seven years, if not more.

Even construing the facts in the light most favorable to the non-moving party as the Court must do, it is clear that plaintiffs have not shown that defendants were negligent, nor has it been demonstrated that defendants had either constructive or actual knowledge of a dangerous condition. Accordingly, there being no genuine issue of material fact, it is appropriate to enter summary judgment in this matter. It is, therefore, RECOMMENDED that defendants' Motion for Summary Judgment (**Docket No. 53**) be **GRANTED**.

### III. Conclusion

The undersigned Magistrate-Judge **RECOMMENDS** that defendants' Motion for Summary Judgment (**Docket No. 53**) be **GRANTED**, and that judgment be entered on behalf of the defendants and against the plaintiffs.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

SO RECOMMENDED.

At San Juan, Puerto Rico, on this 31st day of January, 2005.

S/AIDA M. DELGADO-COLON
U.S. Magistrate-Judge